UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLIXZANDER D. PARK, a/k/a ALLIXZANDER D. PARK/HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>MARK T. TIPTON, JOSEPH NORTON, BRIAN YANKEY, ROXANE PAYNE,<br><br>Defendants. | CASE NO. C13-5921 BHS/KLS<br><br>ORDER DENYING MOTION TO AMEND |

Before the Court is Plaintiff's Motion to Amend Complaint. ECF No. 12. The Court directed service of Plaintiff's original complaint on October 23, 2013. ECF No. 5. Defendants have returned waivers of service, but the time to file an answer has not yet passed. ECF Nos. 8, 9, 10, 11. Having reviewed the motion, the Court finds that it should be denied.

## DISCUSSION

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed 'for abuse of discretion and in light of the strong public policy permitting amendment.'" *Bonin v. Calderon*, 59 F.3d at 845, *quoting Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993). A district court may take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously

amended his pleadings." *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin*, 59 F.3d at 845.

"The liberal amendment rules of Fed. R. Civ. P. 15(a) do not require that courts indulge in futile gestures." *Deloach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Plaintiff's motion is barely legible. In the caption of his motion, Plaintiff states that he seeks to amend his complaint "to correct deficiencies, properly state claims; and defendants in this suit; also dates." Plaintiff includes a very short statement of claims which consists only of the conclusory statement that Defendants violated his 8th and 14th amendment rights. He includes no factual allegations. His list of parties includes only himself and John and Jane Does. Plaintiff has inserted headings such as "Exhaustion Administrative Remedies," "Factual

Allegations," "Prayer for Relief," and "Damages," but has written nothing under any of the headings.

Rule 15, Local Rules W.D. Wash. provides as follows:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

Plaintiff must therefore attach a copy of the proposed amended pleading as an exhibit to his motion. In addition, the proposed amended complaint must stand on its own without reference to the original complaint. It is not possible for the Court or the Defendants to fully respond to Plaintiff's motion without seeing his proposed amended complaint. For this reason alone, his motion to amend must be denied.

Accordingly, it is **ORDERED**:

(1)   Plaintiff's motion to amend (ECF No. 12) is **DENIED without prejudice.**

(2)   The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this 4th day of December, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND- 3