UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLIXZANDER D. PARK,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MARK T. TIPTON, JOSEPH NORTON, BRIAN YANKEY, ROXANE PAYNE,<br><br>　　　　　　　Defendants. | No. C13-5921 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  April 4, 2014 |

Presently before the Court is the motion to dismiss of Defendants Mark T. Tipton, Joseph Norton, Brian Yankey, and Roxanne Payne.  Dkt. 33.  Defendants seek to dismiss Plaintiff's Complaint (Dkt. 8) pursuant to Fed. R. Civ. P. 12 (c).  *Id.*  Plaintiff Allixzander D. Park opposes the motion (Dkt. 40) and seeks leave to amend his complaint (Dkt. 41).  The Court recommends that Defendants' motion to dismiss (Dkt. 33) be **GRANTED** and Plaintiff's motion to amend (Dkt. 41) be **DENIED.**

## DISCUSSION

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed.R.Civ.P. 12(c).  A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable and the same standard applies to both.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.1989) (stating standard for motion for judgment on the pleadings); *Balistreri*

REPORT AND RECOMMENDATION - 1

*v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988) (stating standard for motion to dismiss).

The Federal Rules of Civil Procedure, Rule 12(b)(6) and Rule 12(c), allow a court to dismiss a complaint for failure to state a claim upon which relief can be granted. Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri*, 901 F.2d at 699; *Hal Roach Studios*, 896 F.2d at 1550. In applying this standard, the court's review is limited to the contents of the complaint. *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir.1996); *Hal Roach Studios*, 896 F.2d at 1550. The court must accept all factual allegations pleaded in the complaint as true, construing and drawing all reasonable inferences from the allegations in favor of the nonmoving party. *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.1996). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031 (1981). Moreover, the court does not have to accept as true conclusory allegations that contradict facts that may be judicially noticed or that are contradicted by documents referred to in the complaint. *See, e.g., Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).

A. **Plaintiff's Allegations**

In his initial complaint, Mr. Park claims that Lt. Payne and Officers Tipton, Norton, and Yankey were deliberately indifferent to his health and safety with regard to their response to his attempted suicide. As to Lt. Payne, he alleges that since December 31, 2012, he had been "writing letters of harming myself and that I fear for my life to Lt. Payne..", but that Lt. Payne did not "reply back to my responses on a timely manner" and did not prevent his alleged suicide

REPORT AND RECOMMENDATION - 2

attempt, even though she was "notified personally how severe these issues were to [him]." As to Officers Yankey, Tipton, and Norton, Mr. Park alleges that these officers "did not respond to this suicide the right way and deliberately one if not all of them ignored the issue of my attempt until another inmate brought it to the (whole body) of the staff of officers by pressing the button ..." Dkt. 4, p. 3.

In his proposed amended complaint, Mr. Park limits his allegations to just one of his previously named defendants (Roxanne Payne) and adds a second, Margaret Mezen, a mental health professional who examined him at Lt. Payne's request. Dkt. 41-1. Mr. Park alleges again that Lt. Payne was deliberately indifferent to his needs when she failed to place him on suicide watch and instead, sent Margaret Mezen "to evaluate him on suicidal issues." *Id.*, p. 7. He clarifies that on April 29, 2013, he wrote a letter to Lt. Payne "exclaiming his safety and life worry's including self harm, and the important need for help." On April 30, 2013 and May 1, 2013, he posted a note on his window marked "ASAP" for Lt. Payne, but staff ignored it. On May 1, 2013, Mr. Park refused to come out of his room. Sometime between April 29 and May 1, 2013, Lt. Payne notified Margaret Mezen, a mental health professional, who visited Mr. Park. According to Mr. Park, Ms. Mezen evaluated him on May 1, 2012, regarding suicidal issues "though plaintiff did not ask for mental health ..., and Ms. Mezen failed to identify the symptoms and allowed [him] to return to his unit." On May 1, 2013, one and one-half hours after his evaluation, Mr. Park attempted suicide. He claims that he badly injured himself. *Id.*, pp. 6-7.

Copies of reports and inmate letters attached to Mr. Park's proposed amended complaint indicate that on May 1, 2013, Mr. Park tried to tie a noose that he had apparently fashioned from his blanket around the upper tier. When the noose would not fit around his neck, it appeared he was going to try and jump off the tier, but another inmate grabbed him and told him not to do it.

REPORT AND RECOMMENDATION - 3

Mr. Park then threw the noose down and returned to his cell. *Id.*, pp. 16-27. Mr. Park was then interviewed by various officers and a mental health professional and placed in a crisis cell and suicide suit. *Id.*

In a document entitled "Motion in Reply to Counterclaim by Defendants," Mr. Park acknowledges that he has failed to state a claim [against defendants named in his original complaint] but that he has "sent in a motion to amend the complaint fixing all defects, etc." Dkt. 27, p. 2. Thereafter, Plaintiff filed two motions to amend, but withdrew them both, and requested additional time to respond to Defendants' motion to dismiss. Dkts. 20 and 21 (motions); Dkts. 31 and 37 (orders). The Court reviews his most recent proposed amendment. Dkt. 41-1.

**B.     Eighth Amendment Claim**

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

REPORT AND RECOMMENDATION - 4

### A. Officers Yankey, Tipton, and Norton

Even assuming all the facts stated by Mr. Park are true, his conclusory allegations against Officers Yankey, Tipton, and Norton do not articulate that any of these individuals deprived him of a federal constitutional or statutory right. He alleges only that all three of these officers did not respond to his suicide attempt "the right way." Mr. Park does not plead facts establishing or from which it can be inferred that there was an excessive risk to his health or safety and that any of these defendants knew that a substantial risk existed but deliberately ignored such a risk. In addition, Mr. Park offers no curative amendment as to these defendants. In fact, in his proposed amended complaint, Mr. Park drops Officers Yankey, Tipton, and Norton as defendants and does not mention them at all. Accordingly, it is recommended that claims against Defendants Tipton, Norton, and Yankey be dismissed with prejudice.

### B. Defendant Payne

As to Defendant Payne, Mr. Park does not challenge Defendants' contention that his complaint failed to state a claim upon which relief can be granted. Instead, Mr. Park asks leave to amend his complaint. However, the amendment proposed does not cure the deficiencies of Mr. Park's current claims and therefore, amendment would be futile.

In his current Complaint, Mr. Park alleges that he wrote "letters of harming myself and that I fear for my life to Lt. Payne," but that she did not reply to him in a timely manner or prevent his suicide attempt. Under the Eighth Amendment, Lt. Payne can be liable for deliberate indifference only if she knew of and disregarded an excessive risk to Mr. Park's health and safety. It is not sufficient that she was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, she must also have drawn and disregarded such conclusion. However, Mr. Park does not allege any facts from which a conclusion could be

REPORT AND RECOMMENDATION - 5

drawn that Lt. Payne had actual knowledge of an excessive risk to his health and safety. Moreover, the allegations contained in the proposed amendment refute that if Lt. Payne had such knowledge, that she deliberately disregarded it. In his proposed amended complaint, Mr. Park alleges that in response to his letter to Lt. Payne about his worries and self-harm issues, she immediately notified a mental health professional, who was sent to talk to Mr. Park about his suicidal issues. Dkt. 41-1. Mr. Park contends that Lt. Payne's response was unreasonable and that she should have immediately placed him on suicide watch after receiving his letter. He also contends that the mental health professional, who he seeks to add as a defendant, should not have allowed him to return to his unit after she interviewed him. *Id.*

Although Mr. Park contends that Lt. Payne's response was unreasonable, the fact that Lt. Payne immediately requested mental health intervention on his behalf refutes the necessary element of his claim that she knew of and disregarded an excessive risk to his health and safety. In addition, a difference of opinion regarding proper medical care between a provider and the inmate is not deliberate indifference. *Snow v. McDaniel,* 681 F.3d 978, 987 (9th Cir. 2012). Therefore, allowing an amendment to allow Mr. Park to now name the mental health care professional who interviewed him at Lt. Payne's request would also be futile.

The supplemental facts alleged by Plaintiff do not state a claim against Lt. Payne upon which relief can be granted. Because amendment is futile, dismissal with prejudice of all claims against Lt. Payne should be granted.

## CONCLUSION

For the reasons stated above, the undersigned concludes that Defendants' motion to dismiss (Dkt. 33) should be **GRANTED** and this case dismissed with prejudice. Plaintiff's Plaintiff's motion to amend (Dkt. 41) should be **DENIED.**

REPORT AND RECOMMENDATION - 6

1 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 4, 2014**, as noted in the caption.

**DATED** this  19th  day of March, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7